**FORM 104 (08/07)**

|  |  |
|---|---|
| **ADVERSARY PROCEEDING COVER SHEET** <br> (Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER** <br> (Court Use Only) |

| **PLAINTIFFS** <br> The Union Bank | **DEFENDANTS** <br> Cottonport Monofill, LLC |
|---|---|
| **ATTORNEYS** (Firm Name, Address, and Telephone No.) <br> Wheelis & Rozanski, P.O. Box 13199, Alexandria, LA 71315 <br> (318) 445-5600 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only) <br> ☐ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☑ Creditor  ☐ Other _____ <br> ☐ Trustee | **PARTY** (Check One Box Only) <br> ☑ Debtor  ☐ U.S. Trustee/Bankruptcy Admin <br> ☐ Creditor  ☐ Other _____ <br> ☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

---

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☑ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

---

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand  $ |
| Other Relief Sought | |

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>Cottonport Monofill, LLC | | BANKRUPTCY CASE NO.<br>15-80159 |
| DISTRICT IN WHICH CASE IS PENDING<br>Western District of Louisiana | DIVISIONAL OFFICE<br>Alexandria | NAME OF JUDGE<br>Henley A. Hunter |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/Stephen D. Wheelis | | |
| DATE<br>05/29/2015 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Stephen D. Wheelis | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, if it is required by the court. In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF LOUISIANA
# ALEXANDRIA DIVISION

IN RE:    COTTONPORT MONOFILL, LLC    BANKRUPTCY CASE NO.

        DEBTOR    15-80159

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

THE UNION BANK    ADVERSARY PROCEEDING NO.

VERSUS    15-____

COTTONPORT MONOFILL, LLC
    Debtor in Possession

## COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY AND EXTENT OF LIENS IN FAVOR OF THE UNION BANK

Now into court through undersigned counsel comes The Union Bank, which files this Complaint seeking a judgment of this Court recognizing the Union Bank as the senior and first lien holder on real and movable property of the Debtor.

## JURISDICTION

1.

This Court has jurisdiction over this matter pursuant to 28. U.S.C. 157 and 1334.

2.

This matter constitutes a core proceeding and this Court has authority to enter final orders, judgments and decrees.

3.

This Court has specific jurisdiction over this matter pursuant to Federal Rules of Bankruptcy Procedure Rule 7001(2).

## PARTIES

4.

The party plaintiff to this Complaint is the Union Bank, a state banking institution authorized by the State of Louisiana with its principal place of business in Marksville, Avoyelles Parish, Louisiana.

5.

The party defendant is the Debtor in Possession, Cleantech Solutions World Wide, LLC.

## VENUE

6.

Venue is proper before this Court as both plaintiff and defendant maintain offices and transact

business within the Western District of Louisiana, Alexandria Division.

## FACTS

7.

The Debtor and the companion Debtor, Cottonport Monofill, LLC, filed Voluntary Petitions for Relief under Chapter 11 of the United States Bankruptcy Code on February 9, 2015.

8.

The Debtor remains in possession and control of its property and continues to operate as Debtor in Possession.

9.

No Committee of Unsecured Creditors has been formed and no Chapter 11 Trustee has been appointed.

10.

The Union Bank is a secured creditor of the Debtor as evidenced by its Proof of Claim, as amended, filed in the total amount of $4,021,334.49.

11.

On May 14, 2015 Debtor filed an expedited Motion for Approval of Post-Petition Financing (docket #108).

12.

The Motion for Approval of Post-Petition Financing contains allegations that the Union Bank does not maintain a secured interest in the pyrolysis equipment and the motion requests that the Court grant a lien in favor of an unnamed proposed lender as a first priority lien on the pyrolysis equipment.

13.

The Union Bank submits that it maintains a first lien on the pyrolysis equipment.

## COUNT ONE

14.

The Plaintiff reiterates and incorporates as if fully set forth the allegations of paragraphs 1 through 13 above.

15.

The Union Bank submits that the security documents and claims filed by the Union Bank in this case and the companion case reflect that the Union Bank maintains a senior first ranking lien on the pyrolysis equipment.

16.

The Union Bank submits that it is entitled to a Judgment of this Court pursuant to Federal Bankruptcy Rule 7001(2) recognizing the Union Bank as the senior first ranking lienholder on the pyrolysis equipment.

**WHEREFORE THE UNION BANK PRAYS** that this Complaint be deemed good and sufficient and that after due proceedings had and trial hereof there be judgment herein in favor of the Union Bank and against the Debtor recognizing the secured interest of the Union Bank in the pyrolysis equipment as a senior first ranking lien.

Respectfully submitted,

WHEELIS & ROZANSKI

By: /s/ Stephen D. Wheelis
    Stephen D. Wheelis #17205
    Richard A. Rozanski #22583
    P.O. Box 13199
    Alexandria, Louisiana 71315-3199
    318/445-5600
ATTORNEYS FOR THE UNION BANK